FRANK HELLER, APPELLANT, V. CHARLES L. KING, APPELLEE.

FILED MARCH 3, 1898.     No. 7902.

Vendor and Vendee: CONVEYANCE OF MORTGAGED REALTY PENDING FORECLOSURE: RIGHT OF GRANTEE TO REDEEM. For land incumbered by mortgage a deed of conveyance was executed by the owner and delivered to a purchaser with the name of the grantee omitted therefrom, in compliance with the request of the latter that the conveyance should be in blank as to the name of the grantee. Afterward an action to foreclose the mortgage was commenced, to which the grantor of the deed was made a party and was duly served with process. The purchaser, subsequent to the service of the process in the foreclosure suit on the grantor in the deed, inserted the name of a third party in the conveyance and delivered it to him. The foreclosure suit was prosecuted to decree, sale thereunder and confirmation thereof, and there was a later conveyance by the vendee to another party. The person who had received the deed with his name inserted in the blanks thereof brought an action to redeem, predicating his claim solely on the title and ownership derived from the delivery to him of said deed. *Held*, That if he acquired the title by the insertion of his name as grantee in the blanks in the conveyance, and its after-delivery to him, it came to him subject to the full operation and effect of the proceedings in the foreclosure suit, and he could not maintain this action to redeem.

APPEAL from the district court of Clay county. Heard below before HASTINGS, J. *Affirmed.*

*Joel W. West* and *S. W. Christy*, for appellant.

*S. P. Davidson*, contra.

HARRISON, C. J.

It appears herein that John Llewellyn was the owner of the south one-half of section 23, township 5, range 8, in Clay county, this state, which he had incumbered by mortgage. The mortgage by assignment had become the property of one Emily E. Jones, of date November 7, 1889, and subsequent to the execution and delivery of the mortgage to which we have just referred. Llewellyn sold the land to James J. Randall and executed and delivered to him a deed therefor, from which, in compliance with the request of Randall and agreement of the parties, the name of the grantee was omitted, or the instrument as to its grantee was in blank. Randall took possession of the land and leased it to one Elias Wallen, July 1, 1890. Emily E. Jones, as owner and holder of the mortgage on the property, commenced an action by filing a bill in the federal court at Omaha to foreclose the same. Process was issued of which there was personal service on John Llewellyn and his wife and E. Wallen of date July 7, 1890; but no service of this process was had on James J. Randall or his wife, who were of the parties named as defendants in the suit. April 17, 1891, pursuant to application made for an order on non-resident defendants, such order was made, including a requirement of publication for six consecutive weeks succeeding and inclusive of the 16th day of May, 1891, and with the requirement in regard to publication of the order there was a compliance. Such further steps were taken in the action to foreclose as resulted in a decree and a sale of the property to the Valley Loan & Trust Company. The sale was confirmed and deed executed and delivered to the purchaser, by whom the land was at a subsequent date, during February or March, 1894, conveyed to Charles R. King, defendant in the case at bar. The deed to King was recorded March 27, 1894. April 27, 1891, Randall wrote in the blanks in the deed from Llewellyn to him the name of Frank Heller as grantee and delivered the instrument to him, and the deed was on the same day recorded. On

November 23, 1894, Heller filed a petition in the district court of Clay county and commenced this action to redeem. Issues were joined and as the result of a trial the plaintiff was denied the relief sought and has appealed to this court.

That there may be an accurate knowledge and understanding of the position of the plaintiff in this action, we deem it best to notice the allegations of the pleadings relative to the right and title claimed by him, from whom and in what manner they were alleged to have been derived. It was stated in the petition:

"Plaintiff for cause of action states:

"1. That he is the absolute owner in fee-simple to the following described real estate situated in Clay county, in the state of Nebraska, to-wit: The south $\frac{1}{2}$ of section 23, township 5, range 8 west, of the 6th P. M., containing 320 acres, more or less, according to the United States government survey, and that said title was acquired by warranty deed, made, executed, and delivered to plaintiff by John Llewellyn and Catherine Llewellyn, his wife, on the 7th day of November, A. D. 1889; that said real estate is an improved and cultivated farm, having the necessary dwelling-house and out-buildings for the use and occupation of a tenant; that immediately upon the execution and delivery of the deed aforesaid, by John Llewellyn and wife to this plaintiff, plaintiff went into the immediate, actual, and open possession of said real estate, and has ever since been in the actual, open, and notorious possession of the same."

That a deed had been executed by the Llewellyns from which the name of the grantee had been omitted, and that James J. Randall was claiming thereunder ownership of the land in controversy, were set forth in the answer of the defendant. In the reply there was an allegation which probably constituted an admission that such a deed as was pleaded in the answer had been in existence, and by the evidence the fact was fully established, and that it was the conveyance under which the

plaintiff asserted ownership and had been delivered to him as we have related in the statement which we have hereinbefore embodied of some of the salient facts of the groundwork of the litigation. It was neither of pleading nor proof that the alleged transfer to plaintiff was a gift or pursuant to a purchase by him of Randall, Llewellyn, or any other person, or that there had been any consideration of any nature for such transfer. It will be gathered that the plaintiff relied upon a title derived from Llewellyn and not from any rights of Randall's to which plaintiff might, had the pleadings and facts been such as to warrant it, have laid claim to have succeeded by virtue of transfer. He did not plead, prove, or urge any equitable claim or grounds for the relief demanded as distinct from, unconnected with, or aside from the legal title and the ownership of the land conferred on him by the delivery of the deed to which we have directed attention. The legal title to the land undoubtedly remained in Llewellyn until the insertion of the name of the plaintiff as grantee in the blanks in the conveyance and its subsequent delivery to Heller, and if in consequence of his reception of the deed with his name therein as grantee, which was of date April 27, 1891, Llewellyn was divested of the legal title and it vested in the plaintiff, it came to him weighted with and subject to the final effect of the mortgage foreclosure suit, process in which had been duly served on Llewellyn and his wife July 1, 1890, whereby they were summoned to appear as parties to the suit, and the title was freighted or affected with and by the full operation of the proceedings in such action. This being true, whether the title passed to him or not he was in no position to maintain this action to redeem, and the judgment of the district court must be

AFFIRMED.